IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TED KNOX, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0571−SMY |
| | ) | |
| ROSS, | ) | |
| J. HECHT, | ) | |
| J. SMITH, and | ) | |
| JOHN DOE #2 | ) | |
| | | |
|     Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ted Knox, an inmate at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff originally brought suit in Case No. 17-cv-494, filed on May 10, 2017. (Doc. 1). On May 31, 2017, the Court determined that Plaintiff had attempted to bring unrelated claims in the same lawsuit and severed the action into separate cases. (Doc. 1). This action proceeds as to Count 3 of the original case.

As to Count 3, Plaintiff alleges that in June 2014, he wrote a timely grievance about an April 14, 2014 shakedown during which the Orange Crush team allegedly used excessive force and demonstrated deliberate indifference, in violation of the First, Eighth and Fourteenth Amendments. (Doc. 2, p. 10). On July 23, 2014 Plaintiff's counselor, "Ms. Payne" told Plaintiff that she had responded to the grievance on June 10, 2014. *Id*.

Plaintiff was familiar with June 10, 2014 because Defendant Ross ordered Plaintiff not to go to yard that day because he was wanted in the investigation office. *Id.* No one from the investigation office ever came to interview Plaintiff. *Id.* Plaintiff then asked Ross why he had instructed him not to go to yard. *Id.* Ross replied, "you wrote that stupid grievance about

Orange Crush, well pack your shit, I.A. Officer Hecht just called and said to bring you over to seg., so you can think about the B.S. you wrote in that grievance." *Id.*

When Plaintiff arrived in segregation, Defendant Hecht was there waiting. *Id.* Hecht told Plaintiff that he needed to stop writing grievances if he wanted to stay out of segregation. (Doc. 2, p. 11). Plaintiff was then assigned to the North 2 cell house, cell #443.

Shortly thereafter, Plaintiff requested a cell change from Defendant J. Smith because #443 had no running water and feces was spread throughout the cell. *Id.* Smith refused and told Plaintiff that he never should have messed with the tact team officers. *Id.* When Plaintiff asked to speak to a sergeant or lieutenant, Smith replied that they already knew about the "shit" in Plaintiff's cell and that it represented how the officers felt about the grievances. *Id.* Plaintiff also asked Smith for hygiene items, but Smith denied Plaintiff's request. *Id.* After an hour, Plaintiff began experiencing headaches, which he attributes to hypertension. Smith also refused to secure medical attention for Plaintiff. *Id.* Later that day, Plaintiff received an investigative report, noting that he had been placed on investigative status for the safety and security of the institution. (Doc. 2, p. 12).

On June 13, 2014, Defendant John Doe #2 came to Plaintiff's cell and told him that he would be returned to general population. *Id.* Doe #2 warned Plaintiff to stop filing grievances if he did not want to see segregation again. *Id.*

Plaintiff filed a grievance regarding these incidents on August 8, 2014. (Doc. 2, p. 13). The grievance was denied on November 24, 2014. *Id.* Plaintiff appealed the denial of the grievance, and the ARB denied it on June 11, 2015. *Id.*

## Discussion

The Severance Order described Count 3 as follows:

3

**Count 3 –** First Amendment retaliation claim, and Eighth Amendment claim for placing Knox in an unsanitary segregation cell in June 2014 after Knox filed a grievance over the April 2014 Orange Crush shakedown, against Ross, Hecht, Smith, and Officer John Doe #2.

Here, the Court's analysis does not reach the substantive merits of Plaintiff's claims because it is clear from the face of the Complaint that the claims are barred by the statute of limitations. Although typically, affirmative defenses such filing after the statute of limitations are litigated by the parties after service, *see Jones v. Bock*, 549 U.S. 199, 212 (2007), a Court may invoke these defenses on § 1915A review when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

As Section 1983 does not contain its own statute of limitations, § 1983 claims are governed by the law of the state where the alleged violation occurred. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)(citing *Wilson v. Garcia*, 471 U.S. 261. 276 (1985)). In this district, § 1983 claims are governed by Illinois' 2-year statute of limitations. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). The Court is also bound to apply a state's tolling rules, and in Illinois, 735 ILCS 5/13-216 operates to toll the limitation period while a prisoner completes the administrative grievance process. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012); *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008); *Johnson*, 272 F.3d at 521. However, the statute is not tolled during the time period between the injury and the commencement of the administrative remedy process. *Santiago v. Snyder*, 211 F. App'x 478, 480 (7th Cir. 2006) (rejecting plaintiff's argument that he was entitled to eight more months of

4

tolling to account for the time between his injury and his grievance when he was allegedly pursuing informal remedies).

At the pleading stage, the Court must accept all the allegations in the Complaint as true. In this case, Plaintiff has affirmatively provided the dates he began the administrative remedy process and the date he completed it. Thus, the statute of limitations problem is clear from the face of the Complaint and the Court may dismiss this case on § 1915A review.

The conduct at issue occurred between June 10 and June 13, 2014. In his Complaint, Plaintiff asserts that he first filed a grievance on the issues on August 8, 2014. As such, the statute of limitations ran for 55 days between June 14, 2014 and August 7, 2014. Once the grievance process began on August 8, 2014, the statute of limitations was tolled. Plaintiff has also affirmatively alleged that he completed the grievance process on June 11, 2015 when the ARB rejected his grievance.

Plaintiff specifically associates the August 8, 2014 grievance with his retaliation claim. The Complaint does not mention other related grievances or allege that Plaintiff took any other steps seeking administrative review. Thus, the statute of limitations began running again on June 12, 2015. As the limitations period had already run for 55 days, Plaintiff needed to file suit within 675 days – on or before April 18, 2017 – to be within the 2 year statute of limitations.

Plaintiff's Complaint was originally filed on May 10, 2017 in Case No. 17-cv-494, which was 22 days after the statute of limitations had expired.[1] Unfortunately, Plaintiff filed suit too late and his suit is barred by the statute of limitations. Accordingly, Plaintiff's case will be dismissed with prejudice as untimely. No strike will be assessed at this time. *See Myles v.*

---

[1] Although the instant case was filed on May 31, 2017 as a result of severance, the original filing date is the relevant date for purposes of the statute of limitations.

*United States*, 416 F.3d 551, 553 ("The statute of limitations is an affirmative defense, so [plaintiff's] unsuccessful claim . . . is not a strike.").

## Disposition

**IT IS HEREBY ORDERED** that **Count 3** is **DISMISSED with prejudice** as untimely. The Clerk of Court is **DIRECTED** to close this case and enter judgment.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**